1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10                     IN ADMIRALTY

11

12   In the matter of the Complaint of            No. 2:20-cv-02037-KJM-KJN

13   Michael John Duquette as the alleged owner of    ORDER
     a certain 1987 Centurion "Barefoot Warrior
14   Style" Ski Boat bearing hull identification
     number CF19042JK and her engines, tackle,
15   appurtenances, etc.

16
     For exoneration from, or limitation of, liability.
17

18

19        Michael Duquette allegedly owns a ski boat that collided with another boat in San Joaquin

20   County, an accident that is now the subject of litigation in California State Court. *See* Compl.

21   ¶¶ 10–14, ECF No. 1; *Gregory David Erickson v. Kameron Michael Duquette*, No. STK-UPI-

22   2020-3526 (San Joaquin Cty. Sup. Ct. filed Mar. 11, 2020); *Rodney W. Blake v. Kameron*

23   *Michael Duquette*, No. MSC20-01400 (Contra Costa Cty. Sup. Ct. filed July 13, 2020).[1]  He filed

24   this action in admiralty for limitation of liability under the Limitation of Shipowner's Liability

25   Act, 46 U.S.C. § 30501.

_____

[1] The court grants the request for judicial notice of the complaints filed in California
Superior Court. *See, e.g.*, *Frlekin v. Apple, Inc.*, ___ F.3d ___, No. 15-17382, 2020 WL 6373426,
at *3 n.1 (9th Cir. Sept. 2, 2020).

1

1    A primary purpose of the Limitation Act is to create a venue for determining liabilities for

2    "marine casualties" when the value of the claims exceeds the value of the vessel. *Anderson v.*

3    *Nadon*, 360 F.2d 53, 57 (9th Cir. 1966).  It "allows a vessel owner to limit liability for damage or

4    injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the

5    owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001).

6    But the Limitation Act is "not a model of clarity." *Id.* at 447.  Indeed, the Supreme Court found

7    in the late Nineteenth Century that the Act was "incapable of execution" without "further

8    instructions" and thus designed and adopted a set of procedures now found in the Supplemental

9    Rules of Admiralty. *See id.* (citing *Norwich & N.Y. Transp. Co. v. Wright*, 13 Wall. 104, 121

10   (U.S. 1871)).  Under those rules, the owner of a vessel who wishes to invoke the protections of

11   the Limitaiton Act files an action in federal district court. *See id.* at 447–48.  The district court

12   then secures the value of the vessel or the owner's interest in the vessel, orders all claimants to

13   appear, and "enjoins the prosecution of other actions with respect to the claims." *Id.* at 448.  The

14   court adjudicates these claims without a jury, determines whether the vessel owner is liable and

15   may limit liability, determines the validity of the claims, and distributes the limited fund if

16   appropriate. *See id.*

17   The specific procedures Mr. Duquette invokes are found in Supplemental Admiralty and

18   Maritime Claims Rule F.  Mr. Duquette moves ex parte for orders required by that Rule.  That

19   Rule includes four basic requirements.

20   First, the action must be filed in a "district in which the vessel has been attached or

21   arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if

22   the vessel has not been attached or arrested, then in any district in which the owner has been sued

23   with respect to any such claim."  Rule F(9).  Here, venue is appropriate in this District because

24   the ski boat is currently within this District and at least one claim has been filed in a state court

25   within this District. *See* Compl. ¶¶ 2–4.

26   Second, Rule F imposes pleading requirements.  The complaint must state (1) "the facts

27   on the basis of which the right to limit liability is asserted and all facts necessary to enable the

28   court to determine the amount to which the owner's liability shall be limited"; (2) "the voyage if

2

1   any, on which the demands sought to be limited arose, with the date and place of its termination";

2   (3) "the amount of all demands . . . arising on that voyage, so far as known to the plaintiff, and

3   what actions and proceedings, if any, are pending thereon"; (4) "whether the vessel was damaged,

4   lost, or abandoned, and, if so, when and where"; (5) "the value of the vessel at the close of the

5   voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where

6   and in whose possession they are"; and (6) "the amount of any pending freight recovered or

7   recoverable."  Rule F(2).  The complaint here satisfies these requirements.  It describes the

8   accident, the claims, the estimated value of those claims, Mr. Duquette's alleged interests and

9   liabilities, the estimated value of the ski boat, and its current location.  *See* Compl. ¶¶ 8–39.

10          Third, the plaintiff must deposit a sum equal to the vessel's value (or the owner's interest

11   in the vessel) as security.  Rule F(1).  Alternatively, the owner may file a stipulation of value.  *In*

12   *re Oregon Sealark, LLC*, No. 19-CV-04305-DMR, 2019 WL 5538938, at *2 (N.D. Cal. Oct. 28,

13   2019) (citing *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 212 (1927)).

14   The security is not a final estimate of the vessel's value; a claimant may move to increase the

15   amount.  *See* Rule F(7); E.D. Cal. L.R. 520(a).  Mr. Duquette estimates the value of his interest at

16   $5,000 or less—he contends not to have any interest at all, *see* Compl. ¶¶ 34—and he has filed a

17   compliant stipulation, *see* ECF No. 3.

18          Fourth, a plaintiff must give "security for costs and . . . for interest at the rate of 6 percent

19   per annum from the date of the security."  Rule F(1).  This court's Local Rules set the value of the

20   security at $1,000.  *See* E.D. Cal. L.R. 520(b).  Mr. Duquette's stipulation includes a letter of

21   undertaking from Progressive Direct Insuance Company agreeing to satisfy these amounts.  *See*

22   ECF No. 3.  The court approves the letter of undertaking.

23          If the plaintiff complies with these requirements, the court issues a "monition," i.e., gives

24   notice to anyone with potential claims that those claims must be adjudicated in the issuing federal

25   district court and directing them to submit their claims within 30 days or a later period.  *See* Rule

26   F(4).  A notice must be published weekly for at least four weeks in an appropriate newspaper, and

27   the plaintiff must also "mail a copy of the notice to every person known to have made any claim."

28   *Id.*  Mr. Duquette has proposed giving notice in the Stockton *Record* and the Sacramento *Daily*

1   *Recorder* for the periods required by Rule F(4) and requiring claims be filed within thirty days.

2   *See* Ex Parte App. at 10, ECF No. 6.  The court adopts that recommendation.

3         Finally, a plaintiff who complies with these requirements is entitled to an injunction

4   "prohibiting or ending 'all claims and proceedings against the owner or the owner's property with

5   respect to the matter in question.'"  *In re Oregon Sealark, LLC*, 2019 WL 5538938, at *3 (quoting

6   Rule F(3)).  Mr. Duquette has proposed an appropriate injunction.  *See* ECF No. 6-2.

7         The court accordingly **grants** the ex parte motion.  The orders requested in Mr.

8   Duquette's ex parte motion will issue under separate cover.

9         This order resolves ECF No. 6.

10      IT IS SO ORDERED.

11   DATED:  November 30, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE