**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In the matter of the Complaint of<br><br>MICHAEL JOHN DUQUETTE as the alleged owner of a certain 1987 Centurion "Barefoot Warrior Style" Ski Boat bearing hull identification number CF19042JK and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Case No. 2:20−CV−02037−KJM−KJN<br>*IN ADMIRALTY*<br><br>**Order Directing Execution of Monition and Publication of Notice** |

WHEREAS Plaintiff-in-Limitation MICHAEL JOHN DUQUETTE has been alleged to be the owner of a certain 1987 Centurion "Barefoot Warrior Style" Ski Boat bearing hull identification number CF19042JK and her engines, tackle, appurtenances, etc. (the "Vessel");

WHEREAS Plaintiff-in-Limitation has filed a Complaint in Admiralty for Exoneration from, or Limitation of, Liability (the "Complaint") claiming the right to exoneration from, or limitation of, liability under the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501 *et seq.* (2006) (the "Act"), for all claims arising out of, resulting from, or in any way connected with a September 14, 2019, accident involving the Vessel on the navigable waters of the United States in the area of the Delta waterways, specifically on the North Victoria Canal near Victoria Island and Ski Beach, San Joaquin County, California, as alleged and for the reasons and because of the circumstances set forth in the Complaint;

///

1  WHEREAS Plaintiff-in-Limitation has complied with the security requirements of
2  Section 30511(b) of the Act, Rule F(1) of the Supplemental Rules for Admiralty or Maritime
3  Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental
4  Rules"), Local Admiralty and In Rem Rule 520(b), and established admiralty jurisprudence and
5  practice by offering a Stipulation for Value and Costs and Letter of Undertaking;

6  WHEREAS the Court has made and entered an order approving the Stipulation for Value
7  and Costs and Letter of Undertaking as offered;

8  WHEREAS Plaintiff-in-Limitation has requested, pursuant to Supplemental Rules F(4)
9  and F(5), that a monition issue out of and under the seal of this Court, admonishing all individuals
10 and entities claiming any injuries, deaths, losses, or damages arising out of, resulting from, or in
11 any way connected with the aforementioned accident to file their claims, and any answers to the
12 Complaint, with the Clerk of this Court at the United States Courthouse, and to serve a copy
13 thereof on the attorneys for Plaintiff-in-Limitation on or before a date to be fixed by the Court
14 and no less than thirty (30) days after the issuance of this Order, or be deemed in contumacy and
15 default;

16 WHEREAS the Court has made and entered an order directing that such monition issue;

17 WHEREAS Plaintiff-in-Limitation has requested, pursuant to Section 30511(c) of the Act
18 and Supplemental Rule F(3), an order enjoining the commencement and further prosecution of
19 any claims, actions, or proceedings against Plaintiff-in-Limitation or his property related to the
20 claims with respect to which the Complaint seeks exoneration from, or limitation of, liability;

21 WHEREAS the Court has made and entered an order enjoining the commencement and
22 further prosecution of such claims, actions, and proceedings;

23 WHEREAS Plaintiff-in-Limitation has proposed a Notice of Complaint in Admiralty for
24 Exoneration from, or Limitation of, Liability that complies with the requirements of
25 Supplemental Rule F(4);

26 WHEREAS, Plaintiff-in-Limitation has requested an order directing execution of the
27 monition by publication and service of the notice in accordance with Supplemental Rules F(4)
28 and F(5), Local Civil Rule 171, and Local Admiralty and in Rem Rule 580; and

1  WHEREAS, Plaintiff-in-Limitation has requested that the Court deem publication and
2  notice in accordance with the requested order, Supplemental Rules F(4) and F(5), Local Civil
3  Rule 171, and Local Admiralty and in Rem Rule 580 to constitute due notice to all individuals
4  and entities asserting claims with respect to which the Complaint seeks exoneration from, or
5  limitation of, liability.

6  NOW, THEREFORE, PLAINTIFF-IN-LIMITATION IS HEREBY COMMANDED,
7  pursuant to Supplemental Rules F(4) and F(5), to notify and admonish all individuals and entities
8  asserting claims with respect to which the Complaint seeks exoneration from, or limitation of,
9  liability to appear and answer the allegations of the Complaint, and to file their claims, with the
10 Clerk of the Court, no later than thirty days after the issuance of this order, or be deemed in
11 contumacy and default.

12 PLAINTIFF-IN-LIMITATION IS FURTHER COMMANDED, pursuant to
13 Supplemental Rule F(4) and Local Civil Rule 171, to publish, or cause to be published, in the
14 Stockton *Record* and the Sacramento *Daily Recorder* a notice substantially in the form as the
15 Notice of Complaint in Admiralty for Exoneration from, or Limitation of, Liability and including
16 the date fixed above for the filing of claims and answers once in each week for four (4) successive
17 weeks prior to said date;

18 PLAINTIFF-IN-LIMITATION IS FURTHER COMMANDED, pursuant to Rule F(4) of
19 the Supplemental Rules and not later than the date of the second publication, to mail the
20 aforementioned notice to every individual and entity known to be asserting claims with respect
21 to which the Complaint seeks exoneration from, or limitation of, liability.

22 IT IS FURTHER ORDERED that the publication and mailing of the notice as ordered
23 herein shall constitute due notice to all individuals and entities asserting claims with respect to
24 which the Complaint seeks exoneration from, or limitation of, liability.

25 IT IS SO ORDERED.
26 January 4, 2021
   Date                                    CHIEF UNITED STATES DISTRICT JUDGE