UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of<br><br>Michael John Duquette as the alleged owner of a certain 1987 Centurion "Barefoot Warrior Style" Ski Boat bearing hull identification number CF19042JK and her engines, tackle, appurtenances, etc.,<br><br>For exoneration from, or limitation of, liability. | No. 2:20-CV-02037-KJM-KJN<br><br>ORDER |

Plaintiff-in-limitation Michael John Duquette brought this admiralty action to limit his liability for a boat crash that injured multiple passengers. He now moves to strike all or a portion of Claimant Dru Jackson's counterclaim and third-party complaint. The court **grants** the motion in part, striking the jury demand from the third-party complaint, and otherwise **denies** the motion.

I. **BACKGROUND**

On September 14, 2019, Dru Jackson was a passenger on a 1987 Centurion "Barefoot Warrior Style" Ski Boat, hull identification number CF19042JK, driven by Kameron Duquette, Michael Duquette's son. Compl. ¶¶ 9, 13, 16, ECF No. 1. While on the navigable waterways of the "United States in the area of the Delta waterways," the boat collided with a 20-foot Bayliner Marine Boat, hull identification number BL3B32CZJ697, owned and operated by Dante Lopez.

1

*Id.* ¶¶ 13–15. Both boats had multiple passengers on board. As a result of the crash, Dru Jackson and other passengers of both boats were injured, and one passenger of the Ski Boat, Kelly Blake, died. *Id*. ¶¶ 18–19.

Gregory David Erickson, an injured passenger of the Bayliner, and Rodney W. Blake, whom the complaint does not identify but who is ostensibly a relation of Kelly Blake, each filed a lawsuit in California Superior Court against the individuals they believed were liable for the collision. *Id.* ¶ 30. Erickson and Black both named Michael Duquette as one of the defendants. *Id.* After he was named in the suits filed in state court, Michael Duquette filed the complaint here for exoneration from, or limitation of, liability under the Limitation of Shipowner's Liability Act (the Limitation Act). *See id.* ¶ 1. The court directed notice to potential claimants. Prev. Order, ECF No. 15. On January 30, 2021, Dru Jackson simultaneously filed an "answer," ECF No. 19, a "counterclaim," ECF No. 20, and "third-party complaint" against Kameron Duquette and Dante Lopez, ECF No. 21.

Michael Duquette now moves to strike the counterclaim in its entirety, the jury demand of the counterclaim, and the jury demand of the third-party complaint. Mot., ECF No. 26; Reply, ECF No. 33. Dru Jackson opposes the motion in part, conceding the court should strike the jury demand in his third-party complaint. *See generally* Opp'n, ECF No. 32. The court submitted the matter without a hearing.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure apply to limitations proceedings "except to the extent that they are inconsistent with [the Supplemental Rules for Admiralty]." Fed R. Civ. P., Supp. R. A(2). Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted). The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. 10-2123, 2011 WL 1466944 at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527-28). However, "[m]otions to strike are disfavored and . . . should not be granted unless it is clear

2

that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations and internal marks omitted). In ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted).

### III.  COUNTERCLAIM

The Limitation Act permits a vessel owner to file an action in district court to limit his liability. 46 U.S.C. § 30511(a). Once the action is filed, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). The district court issues notice "to all persons asserting claims with respect to which the complaint seeks limitation" and directs them to file claims with the court within a specified time. Fed R. Civ. P., Supp. R. F(4). Once notice is published, claims against the plaintiff-in-limitation must be filed with the court on or before the filing deadline specified in the notice. *Id.* F(5). "Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." *Id.* A claimant may also file an answer if the "claimant desires to contest either the right to exoneration from or the right to limitation of liability." *Id.*

Here, as noted above, Dru Jackson filed two documents in response to the notice required by this court's previous order. He styled the first as a "Notice of Claim," ECF No. 19,[1] and the second as a "counterclaim," ECF No. 20. Both parties refer to the first document filed at ECF No. 19 as "the claim," but because this document meets the definition of an "answer" under Rule F, the court construes it as such, despite some overlap with what is defined as "claim." *See* Answer at 4 (identifying defenses to Michael Duquette's exoneration and limitation action); Fed. R. Civ. P., Supp. R. F(5) ("[A] claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued"). The second document, despite its title, fits within the definition of a "claim." It asserts Dru Jackson's

---

[1] Despite Jackson's title assigned to the document, the court's docket generated through the ECF system identifies the filing as an Answer. *See* ECF No. 19. Ironically, as explained below, the ECF system designation appears to be correct.

3

negligent entrustment claim against Michael Duquette and the facts on which he relies in stating the claim. *See* Fed R. Civ. P., Supp. R. F(5) ("Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued."). Accordingly, the court construes the second filing as Dru Jackson's "claim." *See In re Crist*, No. 19-390, 2019 U.S. Dist. LEXIS 210315, at *12–13 (C.D. Cal. Aug. 22, 2019) (renaming a "counterclaim" as a "claim" in a Limitation Act case).

      Citing no authority, Michael Duquette asserts the court must strike the document filed at ECF No. 20 because the Limitation Act, this court's previous order directing notice, and Rule F all prohibit counterclaims against the plaintiff-in-limitation. Mot. at 4. There are three problems with this argument. First, no authority prohibits counterclaims in Limitation Act filings; Rule F, for example, does not mention them at all let alone preclude them. Second, as explained above, the "counterclaim" is better understood as a simple "claim." Third, contrary to Michael Duquette's argument, it would cause no prejudice and little confusion to construe the "counterclaim" as a "claim." He insists the court would have to implement "extensive changes" to convert the counterclaim to a claim, so he contends "it makes more sense to strike the [counterclaim] in its entirety without leave to amend." Reply at 3. The court agrees it would be a waste of time to make all the edits required to change document titles and every reference to these two documents throughout the record, but addressing all these nits in this way is not necessary. While Jackson's filings are unfortunately poorly named, the case can move forward with the court's clarification, made here, the filing at ECF No. 19 is deemed Dru Jackson's answer and the filing at ECF No. 20 is deemed his claim.

      Michael Duquette also argues the claim and answer are duplicative and therefore confusing. *See* Reply at 1–3. The court disagrees that the similarities between these documents are likely to cause so much confusion that it is necessary to strike one of them. Striking the claim would also have the effect of improperly resolving the parties' dispute about Dru Jackson's right to a jury trial, without reaching the merits of that dispute. That is reason alone not to strike the claim. *See Whittlestone*, 618 F.3d at 973 ("[C]ourt[] may not resolve disputed and substantial factual or legal issue[s] in deciding . . . a motion to strike." (internal marks omitted)).

## IV. JURY DEMANDS

Both Dru Jackson's claim and the third-party complaint include a jury trial demand. Michael Duquette moves to strike both of these jury demands. Mot. at 1, 5. Dru Jackson opposes the motion only with respect to the jury demand in his claim. *See* Opp'n at 4. The court therefore strikes the jury demand from the third-party complaint. *See Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1029, 1032 (9th Cir. 1991); *Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 708 (9th Cir. 2010) (unpublished) (because party "did not oppose the plaintiff's motion to strike the jury demand, or present any authority to the district court contesting the district court's ruling. . . .or ever note any standing objection" he waived his right to a jury trial. (citing *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990)); Fed. R. Civ. P. 14 ("Any party may move to strike the third-party claim.").

As for Dru Jackson's claim, generally there is no right to a jury trial in admiralty actions. *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983) (citing *Waring v. Clarke*, 46 U.S. (5 How.), 441, 456, 466 (1847)). But the statute conferring admiralty jurisdiction exclusively on district courts expressly saves to litigants "in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 444 (2001) ("[T]he saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."). In balancing a plaintiff-in-limitation's right under the Limitation Act and a claimant's right to a jury trial for common law claims, the Ninth Circuit has recognized "two exceptions to the district court's exclusive jurisdiction and the absence of a jury right in limitation actions." *Newton*, 718 F.2d at 962.

> First, if the limitation fund exceeds the value of all the claims, pro rata distribution is not necessary, and the district court must permit claimants to pursue their separate claims at law and to exercise their right to a jury. . . . Second, when only one claim has been filed and 'nothing appears to suggest the possibility of another claim,' the district court similarly must dissolve its injunction to permit the single claimant to pursue a separate action and a jury trial.

*Id*. If a jury trial is possible, it can be held in federal court. *See Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1032 (9th Cir. 1991) ("[T]he district court may order separate trials in order to preserve the non-jury aspect of admiralty jurisdiction").

5

Here, Dru Jackson is the only claimant and alleges only one claim, negligent entrustment, so it is possible this case could fit within the second exception identified in *Newton* if Dru Jackson follows the appropriate process outlined in the case law. *See Newton*, 718 F.2d at 962. (holding that before a "single claimant is entitled to pursue a separate claim, she must stipulate *inter alia* to the district court's continuing, exclusive jurisdiction to decide the owner's right to limit his liability."). As the jury demand may yet have some force in this action, the court declines to strike it at this time. *See Whittlestone*, 618 F.3d at 973; *Neveu*, 392 F. Supp. 2d at 1170.

## V. CONCLUSION

The motion is denied in part and granted in part. The court **denies** the motion to strike the counterclaim in its entirety or the jury demand within it. The court **grants** the motion as to the jury demand for the third-party claim.

The court directs the Clerk of Court to modify the entry at ECF No. 20 to retitle the document filed there as the "Claim."

This order resolves ECF No. 26.

IT IS SO ORDERED.

DATED: May 26, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE