1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DUQUETTE,<br><br>               Plaintiff,<br><br>     v.<br><br>DRU JACKSON, et al.,<br><br>               Defendants. | No.  2:20–cv–2037–KJM–KJN<br><br><u>ORDER FOR SUPPLEMENTAL BRIEFING</u> |

Currently pending before the court is plaintiff Michael John Duquette's amended motion for default judgment, as against "Gregory David Erickson, Dante V. Lopez, Rodney W. Blake, Kelly A. Blake, Kameron M. DuQuette, Breanna M. Harvey, Jessica A. Lopez, Rebekah M. McKenzie, Kyle E. Robello, Vanessa A. Vanya, and all other possible claimants, known and unknown, who did not file and serve claims in response to the Complaint by February 4, 2021." (ECF No. 39.)  Plaintiff filed the motion on May 13, 2021, ultimately setting the matter for a June 24, 2021 hearing.  (See ECF No. 41.)  Under Local Rule 230, "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  E.D. Cal. L.R. 230(c).  Further, Local Rule 230 states "[n]ot less than seven (7) days preceding the date of hearing, the moving party may serve and file a reply to any opposition filed by a responding party."  As of this order, no party responded to plaintiff's motion for default judgment.  L.R. 230(d).

1

1    Normally, the court would proceed to resolve plaintiff's motion on the merits after a

2   hearing or, alternatively, after taking the matter under submission without a hearing.  L.R. 230(g).

3   However, in reviewing the matter, the court has identified an issue that requires supplemental

4   briefing.

5    Plaintiff filed this action under the court's admiralty jurisdiction, seeking exoneration

6   from, or limitation of, liability under 46 U.S.C. Sections 30501 et seq.  (See ECF No. 1.)  Under

7   this statute, "[t]he owner of a vessel may bring a civil action in a district court of United States for

8   limitation of liability under this chapter."  46 U.S.C. § 30511; see also Supplemental Admiralty

9   Rule F ("Upon compliance by the owner with the requirements of subdivision (1) of this rule all

10  claims and proceedings against the owner or the owner's property with respect to the matter in

11  question shall cease.").  As plaintiff is aware, courts have held that the term "owner" is an

12  "untechnical word" that should be liberally interpreted.  Flink v. Paladini, 279 U.S. 59, 63 (1929).

13  In Admiral Towing Co. v. Woolen, the Ninth Circuit described an owner as one whose

14  "relationship to the vessel is such as might reasonably afford grounds upon which a claim of

15  liability for damages might be asserted against him, a claim predicated on his status as the person

16  perhaps ultimately responsible for the vessel's maintenance and operation and a claim against

17  which the Limitation Act is designed to furnish protection."  290 F.2d 641, 645 (9th Cir. 1961);

18  see also, e.g., Complaint of Nobles, 842 F. Supp. 1430, 1437 (N.D. Fla. 1993) ("Title ownership

19  is not dispositive of the issue of who is an 'owner' for purposes of the Act.  The word 'owner' in

20  the Limitation Act is accorded a liberal, common sense interpretation in order to effectuate the

21  intent of the act.  Factors such as who pays for storage of the vessel and who skippers the vessel,

22  as well who has possession and control of the vessel, must be taken into account in determining

23  who is an owner for purposes of the Act.").

24    Axiomatically, then, for plaintiff to be able to receive the protections of the Act, he must

25  fit the definition of 'owner' under the Act and relevant case law.  However, plaintiff's complaint

26  plainly states the following: "Plaintiff-in-Limitation expressly and vigorously denies and contests

27  any and all allegations that he owned the Vessel after gifting it to Kameron Michael Duquette,

28  since he did not retain any interest in, dominion over, or possession of the Vessel after 2016 or

2

2017."  (ECF No. 1 at ¶ 11.)  From the court's reading of the complaint, it appears plaintiff intends to argue at some point (possibly at summary judgment, if not at trial) that he has no exposure for any injuries because he had no connection whatsoever to the boat at the time of the accident.  At this point in the litigation, plaintiff's assertions appear permissible as arguments in the alternative—that he has no liability because he had no ownership or control over the boat, but if he is found to be an owner, he should be either fully exonerated, or his liability should be limited, given his lack of connection to any of the events of September 2019.

However, it appears any entry of a default judgment on plaintiff's Section 30511 claim would require the court to rely on his assertion that he had *some* ownership interest in the boat—or else he would not be entitled to any protections under the Act.  See, e.g., Admiral Towing, 290 F.2d 641, 644 ("[O]nly an owner or charterer of a vessel may petition to limit liability arising from its loss."); see also, e.g., Complaint of Nobles, 842 F. Supp. 1430, 1437 (noting situations outside of title-ownership where an individual may be deemed an owner for purposes of the Act). Such a ruling raises the possibility plaintiff would be judicially estopped from later arguing he has no ownership in, say, his defense against appearing defendants.  See, e.g., Admiral Towing, 290 F.2d 641, 644 ("Martinson originally sought in his complaint to place himself within the purview of the statute; in this appeal he claims just the opposite. We think he is estopped from following such a course.") see also, e.g., Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir. 2001) (noting judicial estoppel is an "equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position," and detailing factors to be applied by the court in determining whether estoppel applies); see also Helton v. Factor 5, Inc., 2013 WL 5111861, *6 (N.D. Cal. 2013) (denying default judgment without prejudice where the judgment was "likely to be inconsistent with a judgment on the merits as to any answering defendants").

Given that no opposition briefing was filed, and that plaintiff did not discuss the effect of any judicial-estoppel principles in his moving brief, the court orders supplemental briefing from plaintiff.  Should plaintiff believe the precepts of the Act allow him to obtain a default judgment against the non-appearing defendants without prohibiting him from later denying an ownership

3

1   interest in the boat as against any appearing defendants, he shall present his arguments supported

2   by relevant law.  Alternatively, should plaintiff share the undersigned's concerns on the judicial-

3   estoppel issue, he may withdraw his motion for default judgment, wait for the ownership issue to

4   be settled, and refile his motion for default judgment later (if appropriate).  However, if plaintiff

5   wishes to argue for another course of action the undersigned has not considered, he may do so.

6   Plaintiff's supplemental briefing is due by June 17, 2021.

7   **<u>ORDER</u>**

8   It is HEREBY ORDERED that plaintiff shall file his supplemental brief on the issues

9   outlined above on or by June 17, 2021.

10   Dated:  June 11, 2021

11

12   _KENDALL J. NEWMAN_
     UNITED STATES MAGISTRATE JUDGE

13   duqu.2037

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28