UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DUQUETTE,<br><br>Plaintiff,<br><br>v.<br><br>DRU JACKSON, et al.,<br><br>Defendants. | No. 2:20–cv–2037–KJM–KJN<br><br>FINDINGS AND RECOMMENDATIONS ON LIMITATION-PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 39.) |

On October 31, 2020, Michael John Duquette ("Limitation Plaintiff") filed a complaint under the Limitation of Liability Act, 46 U.S.C. Section 30501 et seq., claiming the right to exoneration from liability, or limitation thereof, for all claims arising out of a water-vessel crash that occurred on September 14, 2019. (ECF. No. 1.) Currently pending before the court is Limitation Plaintiff's motion for default judgment, as against "Gregory David Erickson, Dante V. Lopez, Rodney W. Blake, Kelly A. Blake, Kameron M. Duquette, Breanna M. Harvey, Jessica A. Lopez, Rebekah M. McKenzie, Kyle E. Robello, Vanessa A. Vanya, and all other possible claimants, known and unknown, who did not file and serve claims in response to the complaint by February 4, 2021."[1] (ECF No. 39.) For the reasons stated below, the undersigned recommends Limitation Plaintiff's motion for default judgment be GRANTED.

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. See 28 U.S.C. § 636(b)(1)(B); Local Rule 304.

1

## I. BACKGROUND[2]

In the evening of September 14, 2019, a 1987 Centurion "Barefoot Warrior Style" Ski Boat (No. CF19042JK) collided with a 20-foot Bayliner Marine boat (No. BL3B32CZJ697) in the delta waterways of San Joaquin County, California. (ECF No. 1 at ¶¶ 9, 13, 14.) Kameron Michael Duquette, Limitation Plaintiff's son, was operating the Centurion, and Kelly Blake (FNU McKenzie), Dru Jackson, and Kyle Robell were his passengers. (Id. at ¶ 16.) Dante Lopez was operating the Bayliner, and Jessica Lopez, Vanessa Vanya, and Gregory David Erikson were his passengers. (Id. at ¶ 15.) Blake died, Erickson sustained injuries to his head, neck, and back, and the Centurion suffered significant damage. (Id. at ¶¶ 18-20.) Shortly thereafter, Blake's father and Erickson filed claims in California Superior Court against Limitation Plaintiff and others.[3]

On October 13, 2020, Limitation Plaintiff filed the instant action under the Limitation of Liability Act, and simultaneously requested all suits be restrained, a "monition" be issued, and notice of the action be published. (ECF. Nos. 1, 6.) On November 30, 2020, the assigned district judge found Limitation Plaintiff had complied with Supplemental Admiralty and Maritime Claims Rule F and recognized his request for an "appropriate injunction." (ECF No. 10.) On January 4, 2021, the district judge restrained all suits, admonished any claimants to file answers in this action within 30 days, and ordered notice of the action be published in the Stockton *Record* and Sacramento *Daily Recorder*, as well as be mailed "to every individual and entity known to be asserting claims." (ECF Nos. 14-15.) Limitation Plaintiff had notice of the suit published across four consecutive Fridays in January in those publications. (ECF No. 18.) The notice was also mailed to the attorneys for Erickson, Dante Lopez, and Rodney Blake, as well to the personal addresses of Kelly Blake, Kameron Duquette, Harvey, Jackson, Jessica Lopez, McKenzie, Robello, and Vanya. (ECF No. 17.) Of those individuals, only Dru Jackson filed an answer, claim, and third-party complaint in this limitation action. (ECF Nos. 19-21.)

---

[2] All facts derive from Limitation Plaintiff's complaint unless otherwise noted. (See ECF No. 1.)

[3] See Gregory David Erickson v. Kameron Michael Duquette, et al., STK-CV-UPI-2020-3526; Rodney W. Blake v. Kameron Michael Duquette, et al., MSC20-01400.

2

Thereafter, Limitation Plaintiff requested the entry of default against all non-appearing claimants in this action, which the Clerk entered for the named claimants on March 10, 2021. (ECF Nos. 28, 31.) On May 13, Limitation Plaintiff filed the instant motion requesting default judgment against all potential claimants who have not yet appeared in this action. (ECF No. 39.) The undersigned ordered supplemental briefing on a narrow issue, and after Limitation Plaintiff responded, the matter was taken under submission under Local Rule 230(g). (ECF Nos. 50-52.)

## II.    DISCUSSION

The Supplemental Rules for Admiralty or Maritime Claims govern the procedures in an action to exonerate or limit liability from claims arising out of maritime accidents. Supplemental Rule A(2) provides that "[t]he Federal Rules of Civil Procedure also apply to actions for exoneration from or limitation of liability, except to the extent they are inconsistent with the [Supplemental Rules]." Because there is no Supplemental Rule on point for default judgment, Limitation Plaintiff's motion is governed by Rule[4] 55.

### Legal Standards for Default Judgments

Under Rule 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, courts in this district consider the following factors:

1. the possibility of prejudice to the plaintiff,
2. the merits of plaintiff's substantive claim and the sufficiency of the complaint;
3. the sum of money at stake in the action;
4. the possibility of a dispute concerning material facts;
5. whether the default was due to excusable neglect, and
6. the strong policy underlying the Rules favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

---

[4] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

3

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").

**Analysis**

Plaintiff filed this action under the court's admiralty jurisdiction, seeking exoneration from liability, or limitation thereof, under 46 U.S.C. Sections 30501 et seq. (See ECF No. 1.) Under this statute, "[t]he owner of a vessel may bring a civil action in a district court of United States for limitation of liability under this chapter." 46 U.S.C. § 30511. The limitation action must be filed no later than six months after limitation plaintiff receives a claim in writing, certain pleading requirements musts be met; and a deposit and security for costs and interest must be given. Supp. Rule F. Upon compliance with subsection (1) of Rule F, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Id. at subsection 3.

As the district court previously recognized, Limitation Plaintiff satisfied the procedural and pleading requirements, and thus notice was ordered. (ECF No. 10.) Thereafter, Limitation Plaintiff provided the proper notice as ordered, and the Clerk properly entered default against the named non-appearing claimants after all but Dru Jackson failed to respond. (ECF Nos. 17-21, 28, 31.) The undersigned finds this default now applies to all unnamed claimants as well. See Rule 55(a) (providing for the entry of default against a party who "has failed to plead or otherwise

defend").

**A. Appropriateness of the Entry of Default Judgment Under the <u>Eitel</u> Factors**

The undersigned finds that the <u>Eitel</u> factors weighs in favor of Limitation Plaintiff's motion. The recommendation is for default judgment be entered on Limitation Plaintiff's behalf against Gregory Erickson, Dante Lopez, Rodney Blake, Kelly Blake, Kameron Duquette, Breanna Harvey, Jessica Lopez, Rebekah McKenzie, Kyle Robello, Vanessa Vanya, and all other possible claimants, known and unknown, who did not file and serve claims by the deadline.

1. <u>Limitation Plaintiff is prejudiced by potential claimants' non-responsiveness.</u>

The first <u>Eitel</u> factor considers whether Limitation Plaintiff would suffer prejudice if default judgment is not entered, as prejudice to a plaintiff weighs in favor of a default judgment. <u>See PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177. The undersigned finds this is so, as the non-appearing parties failed to submit claims by the deadline, despite ample notice. Without default judgment, Limitation Plaintiff would continue to be exposed to liability, and would not be afforded the protections of the Act. <u>See, e.g.</u>, <u>Matter of Duley</u>, 2017 WL 8180609, at *2 (C.D. Cal. July 11, 2017) (C.D. Cal. July 11, 2017) (finding "no just reason for delay in entering a judgment against those who have not yet submitted claims"). Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

2. <u>Limitation Plaintiff's claims are meritorious and sufficiently pleaded.</u>

The next two factors (the merits of the substantive claims and the sufficiency of the complaint) are considered in tandem, due to the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. <u>See Danning</u>, 572 F.2d at 1388; <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1175. Given the entry of default on the complaint as against all non-responding claimants, the court treats the factual allegations as true. <u>TeleVideo Sys.</u>, 826 F.2d at 917-18.

Here, Limitation Plaintiff seeks a declaratory judgment exonerating him from any liability for the events surrounding the September 2019 collision. As the district court previously noted, the complaint satisfies the pleading requirements of Rule F, as it "describes the accident, the claims, the estimated value of those claims, Mr. Duquette's alleged interests and liabilities, the

estimated value of the ski boat, and its current location." (ECF No. 10 at 3, citing ECF No. 1 at ¶¶ 8-39.) This includes Limitation Plaintiff's assertion that, for purposes of the Act, he is potentially liable as a prior owner of the Centurion.[5] (ECF No. 1 at ¶ 11-12.) Accordingly, these two Eitel factors favor default judgment. See, e.g., Duley, 2017 WL 8180609 at *2 (noting that upon a showing of compliance with the Supplemental Rules, "courts regularly grant a default judgment against claimants who do not answer.").

        3.    <u>Plaintiff only seeks declaratory relief, not monetary damages.</u>

Next, the court considers "the amount of money at stake in relation to the seriousness of [d]efendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, Limitation Plaintiff is only seeking declaratory relief against the non-appearing parties. Accordingly, this factor weighs in favor of default judgment.

---

[5] The undersigned previously expressed concerns about par. 11 of Limitation Plaintiff's complaint: that he "expressly and vigorously denies and contests any and all allegations that he owned the [Centurion] after gifting it to Kameron Michael Duquette, since he did not retain any interest in, dominion over, or possession of the [it] after 2016 or 2017." Simply, if Limitation Plaintiff was not an "owner" for purposes of the Act, he would not be able to claim the Act's protections, and therefore default judgment could not issue. See, e.g., Admiral Towing Co. v. Woolen, 290 F.2d 641, 644 (9th Cir. 1961) ("[O]nly an owner or charterer of a vessel may petition to limit liability arising from its loss."). However, the undersigned was also aware that Limitation Plaintiff had been named as a defendant in suits filed in Superior Court, and alleged as much in seeking the protections of the Act in this action. (ECF No. 1 at ¶ 12.) Because there was no opposition briefing for the default motion, the court ordered plaintiff to provide supplemental briefing on the ownership issue. (ECF No. 50.) Limitation Plaintiff's response indicated he was seeking the protections of the Act to the extent he could be held liable under various theories (e.g. "negligent entrustment") during his ownership tenure. Thus, Limitation Plaintiff may be considered an "owner" under the Act, such that default judgment may be issued in his favor. See also, e.g., Complaint of Nobles, 842 F. Supp. 1430, 1437 (noting situations outside of title-ownership where an individual may be deemed an owner for purposes of the Act). Any issues of judicial estoppel regarding the ownership issue are for the district judge to resolve, if those issues do in fact arise later in the case between Limitation Plaintiff and, for example, claimant Dru Jackson. See, e.g., Admiral Towing, 290 F.2d 641, 644 ("Martinson originally sought in his complaint to place himself within the purview of the statute; in this appeal he claims just the opposite. We think he is estopped from following such a course.") see also Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir. 2001) (noting judicial estoppel is an "equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position," and detailing factors to be applied by the court in determining whether estoppel applies).

### 4. The material facts are not in dispute.

Limitation Plaintiff has provided the court with well-pleaded allegations supporting his assertions. The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. The undersigned finds this factor favors default judgment.

### 5. The court sees no excusable neglect.

Upon review of the record before the court, the undersigned finds the default of the non-appearing claimants is not the result of excusable neglect. See Pepsi Co, Inc., 238 F. Supp. 2d at 1177. The claimants have had ample notice in this lawsuit. Limitation Plaintiff followed the dictates of Rule F and the district court's orders in providing notice to all possible known claimants, as well as publication notice to any unknown claimants. Only Dru Jackson filed a claim within the time period, and no other claimants have since requested leave for additional time to file or leave to vacate the entry of default. In fact, since Dru Jackson's entry into the case, Dante Lopez and Kameron Duquette appeared in direct response to Jackson's allegations, but neither contested the entry of default for Limitation Plaintiff's complaint. (ECF Nos. 43, 49.) These facts favor the entry of a default judgment for Limitation Plaintiff.

### 6. The policy favoring disposition on the merits is outweighed by other factors.

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, this policy, standing alone, is not dispositive, especially where the opposing party fails to appear or defend itself. PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, default judgment will serve the interests of justice because it will "facilitate the apportionment of whatever funds are available for the [existing] claimants." Duley, 2017 WL 8180609, at *2. Thus, any interest non-appearing claimants might have in resolving Limitation Plaintiff's liability on the merits are outweighed by the other factors.

**B. Terms of the judgment that should be entered.**

Per the above analysis, the undersigned finds the Eitel factors weigh in favor of entering a default judgment against Gregory David Erickson, Dante V. Lopez, Rodney W. Blake, Kelly A. Blake, Kameron M. Duquette, Breanna M. Harvey, Jessica A. Lopez, Rebekah M. McKenzie, Kyle E. Robello, Vanessa A. Vanya, and all other possible claimants, known and unknown, who did not file and serve claims in response to the complaint by February 4, 2021. ("Non-Appearing Claimants"). The court recommends Limitation Plaintiff be completely exonerated from all liability for any injuries, deaths, losses, or damages that the Non-Appearing Claimants may allege to have sustained or may have actually sustained arising out of, resulting from, or in any manner connected with the September 14, 2019 collision between the 1987 Centurion "Barefoot Warrior Style" Ski Boat (No. CF19042JK) and her engines, tackle, appurtenances, etc. and the 20-foot Bayliner Marine boat (No. BL3B32CZJ697). Claimant Dru Jackson timely filed his claim and answer, and so the recommended default judgment should not apply to him. Available funds from Limitation Plaintiff Michael Duquette should be left for apportionment to claimant Dru Jackson.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. Limitation Plaintiff's Motion for Default Judgment (ECF No. 39) be GRANTED;
2. Default of all possible claimants, known and unknown, who did not file and serve their claims and answers in response to Limitation Plaintiff Michael John Duquette's Complaint in Admiralty for Exoneration from Liability, or Limitation thereof, (ECF No. 1) on or before February 4, 2021, should be ENTERED;
3. Judgment should ISSUE in favor in favor of Limitation Plaintiff Michael John Duquette and against Gregory David Erickson, Dante V. Lopez, Rodney W. Blake, Kelly A. Blake, Kameron M. Duquette, Breanna M. Harvey, Jessica A. Lopez, Rebekah M. McKenzie, Kyle E. Robello, Vanessa A. Vanya, and all other possible claimants, known and unknown, who did not file and serve their claims and answers in response to the Complaint on or before February 4, 2021; and

8

4. Limitation Plaintiff Michael John Duquette should be completely EXONERATED from all liability for any injuries, deaths, losses, or damages arising out of, resulting from, or in any manner connected with the September 14, 2019 collision between the 1987 Centurion "Barefoot Warrior Style" Ski Boat (No. CF19042JK) and her engines, tackle, appurtenances, etc. and the 20-foot Bayliner Marine boat (No. BL3B32CZJ697) that Gregory David Erickson, Dante V. Lopez, Rodney W. Blake, Kelly A. Blake, Kameron M. Duquette, Breanna M. Harvey, Jessica A. Lopez, Rebekah M. McKenzie, Kyle E. Robello, Vanessa A. Vanya and any other possible claimants who did not file their claims and answers by the February 4, 2021, deadline may allege to have sustained or may have actually sustained.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 28, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

duqu.2037

9