UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SITTING IN ADMIRALTY

| | |
|---|---|
| In the matter of the Complaint of<br><br>Michael John Duquette as the alleged owner of a certain 1987 Centurion "Barefoot Warrior Style" Ski Boat bearing hull identification number CF19042JK and her engines, tackle, appurtenances, etc.,<br><br>For exoneration from, or limitation of, liability. In admiralty. | No. 2:20-CV-02037-KJM-KJN<br><br>ORDER |

Plaintiff-in-limitation Michael John Duquette brings this action to limit his liability for a boat crash. At this stage, Duquette seeks default judgment against anyone who has not filed a claim against him with this court. The magistrate judge recommends this court grant Duquette's motion for default judgment. One such potential claimant, Rodney W. Blake, moves to vacate the entry of default against him so he may file a claim and answer. The court **adopts the findings and recommendations in part** and **grants Blake's motion**.

I.   **BACKGROUND**

Kameron Duquette, Michael Duquette's son, was driving a 1987 Centurion "Barefoot Warrior Style" Ski Boat, hull identification number CF19042JK, on the date of a fatal accident with a 20-foot Bayliner Marine Boat, hull identification number BL3B32CZJ697, owned and

1

1  operated by Dante Lopez.  Compl. ¶¶ 9, 13–16, ECF No. 1.  Claimant Dru Jackson and Kelly

2  Blake were both passengers on the Ski Boat.  *Id.* ¶ 16.  Jackson was injured and Blake died from

3  the incident.  *See id.* ¶¶ 18–19.  Her father Rodney W. Blake filed a lawsuit in California Superior

4  Court against Michael Duquette and the other individuals he believed were liable.  *Id.* ¶ 30.

5       Michael Duquette filed a complaint for exoneration from, or limitation of, liability under

6  the Limitation of Shipowner's Liability Act (the Limitation Act).  *See id.* ¶ 1.  The court directed

7  notice to potential claimants and ordered all claims filed by February 4, 2021.  Prev. Order

8  (Jan. 5, 2021), ECF No. 15.  Dru Jackson filed a claim.  ECF No. 20.  Blake did not file a claim

9  despite multiple notices served on him.  *See generally* Severance Decl., ECF No. 58-1; *id.* Exs.

10  B–F.  Upon Duquette's request, ECF No. 28, the Clerk of Court entered entries of default against

11  anyone who did not file a claim, ECF No. 31.  Duquette moved for default judgment against "all

12  other possible claimants," including Rodney W. Blake.  ECF No. 39.  The assigned magistrate

13  judge recommended the motion be granted and informed the parties that objections must be filed

14  with fourteen days.  ECF No. 55.  No objections were filed.

15       Blake now moves for leave to file a late claim.  Mot., ECF No. 56; P. & A., ECF

16  No. 56-1.  Michael Duquette opposes.  Opp'n, ECF No. 58.  Blake replied.  Reply, ECF No. 61.

17  The court held a hearing on November 19, 2021.  Arthur Severance and Todd Schaffer appeared

18  on behalf of Michael Duquette, Arnold Berschler appeared on behalf of Rodney Blake, Thomas

19  Friedberg appeared on behalf of Dru Jackson, Jennifer Hippo appeared on behalf of Kameron

20  Michael Duquette, and John Cox appeared on behalf of Dante Lopez.

21       The court addresses the findings and recommendations and Blake's motion below.

22  **II.    FINDINGS AND RECOMMENDATIONS**

23       In reviewing the magistrate judge's findings and recommendations, the court presumes

24  that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir.

25  1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Robbins v. Carey*,

26  481 F.3d 1143, 1147 (9th Cir. 2007).  Having reviewed the file, the court finds the findings and

27  recommendations to be supported by the record and by the proper analysis.  The court adopts the

28  findings and recommendations in part.  For the reasons explained below, Duquette's motion for

default judgment, ECF No. 39, is denied as to Blake and the entry of default against him is vacated. The court adopts the findings and recommendations as to all other potential claimants.

### III. FILING OF LATE CLAIM

#### A. Legal Standard

"Federal Rules of Civil Procedure Supplemental Admiralty and Maritime Claims Rule F sets forth the procedure for bringing a limitation action." *Matter of Hornblower Fleet, LLC*, No. 16-2468, 2019 WL 2569551, at *3 (S.D. Cal. June 21, 2019). The Federal Rules of Civil Procedure apply to limitations proceedings "except to the extent that they are inconsistent with [the Supplemental Rules for Admiralty]." Fed R. Civ. P. Supp. R. A(2). The court has discretion to "enlarge the time within which claims may be filed" in a limitation action "[f]or cause shown," Fed. R. Civ. P. Supp. R. F(4), and "give leave to file late claims," *In re Funk*, No. 21-1046, 2021 WL 3472696, *1 (S.D. Cal. Aug. 6, 2021) (citing *Meyer v. New England Fish Co. of Oregon*, 136 F.2d 315, 316 (9th Cir. 1943)). "[R]elief from a tardy claim . . . depends on an equitable showing." *Golnay Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993) (citation omitted). In the absence of Ninth Circuit precedent, district courts here consider the same factors courts elsewhere weigh: "(1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." *Id.*; *see, e.g.*, *Matter of Deng*, No. 13-2659, 2014 WL 1347380, at *8 (N.D. Cal. Apr. 3, 2014); *In re Funk*, 2021 WL 3472696, *2 (same); *Matter of Hornblower Fleet*, LLC, 2019 WL 2569551, at *3 (same); *In re Seastreak, LLC*, No. 13-315, 2014 WL 5529249, at *2 (D.N.J. Oct. 31, 2014) (citing Sixth and Seventh Circuit authorities).

#### B. Analysis

Here, the first *Golnay Barge* factor is met: relatively speaking, "the action is still in its early stages, and any delay associated with the late filing would be minimal." *In re Funk*, 2021 WL 3472696, at *2. Blake does not require any amendment to the existing case schedule, P. & A. at 3, and is prepared to file the necessary pleadings and make initial disclosures immediately, *see* Berschler Decl. Exs. 1–4, ECF No. 56-2 (copies of necessary pleadings and disclosures). Furthermore, while Blake's filing of his claim was untimely, occurring

3

1    approximately nine months after the February 2021 filing deadline, the delay is not outside the
2    realm of what other courts have permitted.  *See In re Seastreak, LLC*, 2014 WL 5529249, at *2
3    (allowing late claim when filing deadline was May 16, 2013 and proposed claimant moved for
4    leave of court nearly a year later, on April 4, 2014).

5        Moving to the second factor, the court finds there is no adverse effect on the rights of the
6    other parties.  The matter is still in its early stages with the first court-imposed discovery deadline
7    at the end of February 2022.  *See id.* (affirming grant of leave to file late claim partially because
8    "discovery . . . had barely begun").  The court is not persuaded by Duquette's arguments that it
9    should deny Blake's motion because allowing the late filing would encourage others "to attempt
10   to revive their defaulted claims."  Opp'n at 7.  If this concern were sufficient to bar a late claim, it
11   would result in a complete bar to courts' finding cause exists to permit late filings unless the
12   plaintiff-in-limitation consented.  The court rejects the notion that such a bar is appropriate.
13   Additionally, Duquette argues that granting Blake leave to file his claim would adversely affect
14   Jackson, because as a sole claimant, Jackson may seek a jury trial.  Opp'n at 7.  Duquette does not
15   have standing to raise this objection, however, as his counsel conceded at hearing.  Furthermore,
16   as a general rule, "no right to a jury exists in actions instituted in admiralty."  *Newton v. Shipman*,
17   718 F.2d 959, 962 (9th Cir. 1983) (citation omitted).  There is an exception "when only one claim
18   has been filed," *id* (citations and internal quotation marks omitted), and permitting Mr. Blake to
19   file a late claim might deprive Jackson of a jury trial, *see* Jackson Claim, ECF No. 20 (including
20   jury demand).  But Jackson has no objection to Blake's motion, as Jackson's counsel confirmed at
21   hearing.

22       Turning to the third factor, a mistake by counsel can justify permitting a late claim.  *See In*
23   *re Seastreak, LLC*, 2014 WL 5529249, at *2 (finding "attorney neglect is a sufficient reason to
24   permit his late claim" when law firm did not inform claimant of limitation action and "failed to
25   file a claim on his behalf").  Here, Blake's counsel represents he believed the state court action
26   would be removed to this court and satisfy any claim requirement Blake had in this limitation
27   action.  Valinoti Decl. ¶ 6, ECF No. 56-3.  Blake's counsel also explains he filed this motion soon
28   after becoming aware that Blake's claim was not part of this action in September.  *Id.* ¶ 8.  Some

4

courts, including the Seventh Circuit, have found that "late claimants in admiralty proceedings need not show 'good cause'" and "attorney error [ ] meets the minimal cause requirement." *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001); *see also In re Seastreak, LLC*, 2014 WL 5529249, at *2 ("attorney neglect is a sufficient reason to permit his late claim"). The Fifth Circuit, on the other hand, has indicated a party must show "good cause" to file a late claim. *In re Trace Marine Inc.*, 114 F. App'x 124, 128 (5th Cir. 2004). The Ninth Circuit has not expressly decided whether attorney error is sufficient or "good cause" is required, it has found "there was no sufficient reason for denying [claimants] . . . an opportunity to establish their case" when the claimants moved to file untimely claims even though "counsel for the claimants mistook . . . [the] plain law on the subject." *Meyer*, 136 F.2d at 316–17 (reversing because the lower "court disregarded the spirit . . . of the [Circuit's prior] mandate).

Duquette's counsel argues the actions of Blake's representatives were reckless, such that Blake could not meet either the minimal or good cause standard. The court does not agree that the record supports a conclusion Blake's counsel's actions were reckless rather than borne of excusable neglect or mistake. While the court does not read the Ninth Circuit's decision in *Meyer* as adopting the same minimal cause standard as the Seventh Circuit has, *Meyer* is closer to the Seventh Circuit's jurisprudence, which this court finds persuasive. The attorney error here is sufficient cause to grant Blake's motion.

**IV.   CONCLUSION**

The court **grants Rodney W. Blake's motion, ECF No. 56**. The court **vacates the entry of default, ECF No. 31, as to Blake**. Blake shall file his claim and answer and make initial disclosures within seven days of the filed date of this order. Blake is otherwise bound by the court's scheduling order, ECF No 54.

The **Findings and Recommendations, ECF No. 55, are adopted in part**. The court **adopts the recommendation as to all potential claimants other than Rodney W. Blake**.

    1. The court **grants in part** plaintiff-in-limitation Michael Duquette's Motion for Default Judgment, ECF No. 39;

/////

    2. The court enters default judgment against all possible claimants other than Rodney W. Blake who did not file claims by February 4, 2021, including Gregory David Erickson, Dante V. Lopez, Kameron M. Duquette, Breanna M. Harvey, Jessica A. Lopez, Kelly Blake, Rebekah M. McKenzie, Kyle E. Robello, Vanessa A. Vanya, and any unknown persons;

    3. The court enters judgment in favor of plaintiff-in-limitation Michael Duquette and against all possible claimants other than Rodney W. Blake and Dru Jackson; and

    4. Plaintiff-in-limitation Michael John Duquette should be completely exonerated from all liability for any injuries, deaths, losses, or damages to any other possible claimants who did not file their claims.

This order resolves ECF Nos. 39, 55 & 56.

IT IS SO ORDERED.

DATED: January 20, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE